## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| LaRONDA PHOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-1294-FP-W-RED |
| | ) |
| EXCELSIOR SPRINGS JOB | ) |
| CORPS CENTER, MINACT, INC., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and the accompanying Complaint ("Complaint") (Doc. 1), Affidavit of Financial Status (Doc. 2), and Motion for Appointment of Counsel (Doc. 3). Upon due consideration of the financial information provided in Plaintiff's application, the Court finds that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915(a)(1) for a limited purpose so that the Court may consider the merits of the action. After having considered the Complaint, the Court finds that this action is hereby **DISMISSED WITHOUT PREJUDICE** because the Complaint fails to state sufficient jurisdictional grounds for federal jurisdiction pursuant to 28 U.S.C. § 1332.

*Factual Background*

Plaintiff appears to bring her suit under a negligence cause of action. She states that her daughter, a minor at the time, attended Job Corps ("Defendants"). Plaintiff alleges that she had restricted her daughter from weekend passes, and found that Defendants had been allowing Plaintiff's daughter to come to Kansas City on weekends despite the lack of a pass. Plaintiff alleges that her daughter was at times unsupervised. Also, Defendants told Plaintiff she had emancipated her daughter, which Plaintiff alleges is untrue.

Dockets.Justia.com

Plaintiff further alleges that Defendants helped Plaintiff's daughter manage her money, which resulted in excessive spending. On the day Plaintiff's daughter was to return home, no one told Plaintiff where her daughter would be taken. Plaintiff alleges her daughter was missing for eleven (11) days with Defendants not returning Plaintiff's calls in effort to locate her daughter. Moreover, Plaintiff's daughter was eventually dropped off at Plaintiff's sister's home, a location Plaintiff had advised Defendants was "forbidden." Plaintiff also claims Defendants have caused her daughter to become involved with illegal drugs.

## *Analysis*

Under 28 U.S.C. § 1915(a)(1), a pro-se plaintiff may request that the court authorize the commencement of an action without requiring the plaintiff to pay any fees, costs, or security. However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Accordingly, leave to proceed *in forma pauperis* is generally denied unless the applicant satisfies two separate requirements. *See id.* First, the applicant must be sufficiently impoverished so as to qualify by "economic status" pursuant to 28 U.S.C. § 1915(a). If the applicant qualifies by economic status, the court then determines whether the applicant's complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i) (2000), fails to state a claim upon which relief may be granted, *id.* § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, *id.* § 1915(e)(2)(B)(iii), and if so, dismisses the complaint.

Under Local Rule 83.7(a)(3), the proper standard for determining poverty is whether the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. The court is afforded sound discretion when determining whether a plaintiff is sufficiently

2

impoverished. *See Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Plaintiff states that she is a 47-year-old unemployed woman receiving approximately $6000.00 in the past year in income from unemployment and various employment and has $40.00 worth of cash on hand, including checking and savings accounts. She states that she has approximately $270.00 a month in household expenses, but owns a vehicle worth approximately $13,500.00. Based on her financial affidavit, the Court finds that if the Plaintiff were required to pay costs, she would have to give up the basic necessities of life as defined in the Code and Local Rule 83.7.

However, demonstrating poverty does not end the inquiry. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action at any time if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is held to be frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). "An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Taylor v. United States*, No. 4:97CV2305, 1997 WL 1008226, at *1 (E.D. Mo. Dec. 18, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. Apr. 14, 1987).

As a threshold matter, the Court finds that Plaintiff's claim fails to state sufficient

3

Case 4:05-cv-01294-RED    Document 4    Filed 01/17/2006    Page 3 of 5

jurisdictional grounds for this case to be heard in federal court. The Court can find no federal statute that would be violated by the facts alleged in Plaintiff's Complaint. Additionally, Plaintiff does not plead sufficient facts to invoke this Court's diversity jurisdiction. For a federal court to hear cases based upon state law, the amount in controversy must be greater than $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Stanhope v. Ford Motor Credit Company*, 483 F. Supp. 275, 277 (W.D. Ark. 1980) (discussing the concept of complete diversity). The facts indicate that Defendant Minact, Inc. is not a resident of Missouri, as it has headquarters in Mississippi and offices in Illinois. However, Excelsior Springs Job Corps Center does appear to be a Missouri resident. As well settled jurisdictional rules state, the diversity of citizenship must be complete diversity. Therefore, even if Plaintiff's Complaint could raise any state law issues, it appears that the Court still would not have jurisdiction to hear them. Accordingly, the Court finds that beyond a reasonable doubt, Plaintiff's Complaint does not state a claim for which relief may be granted in this Court.

*Conclusion*

**It is therefore ORDERED AND ADJUDGED that**:

    1.     Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) and Affidavit of Financial Status (Doc. 2) requesting that Plaintiff be permitted to proceed *in forma pauperis* is hereby **GRANTED**.

    2.     The Clerk is directed to receive and file Plaintiff's Complaint and the accompanying exhibits without prepayment of the required filing fee.

    3.     Plaintiff's Civil Complaint is hereby **DISMISSED without prejudice** pursuant to

4

28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

    4. The Motion to Appoint Counsel (Doc. 3) is hereby **DENIED**.

The Clerk is directed to mail a copy of this Order to Plaintiff by regular mail at the following address:

> LaRonda Phox
> 3921 Norton Ave.
> Kansas City, Mo 64130

**IT IS SO ORDERED.**

DATE: January 17, 2006          */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT